**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JOSE L.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

                    Defendant.

1:20-cv-09749-NLH

**OPINION**

---

**APPEARANCES:**

ADRIENNE FREYA JARVIS
800 NORTH KINGS HIGHWAY
SUITE 304
CHERRY HILL, NJ 08034

    *On behalf of Plaintiff*

ELIZABETH S. MATONI
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section

205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), regarding Plaintiff's application for Disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner
of the Social Security Administration.

Insurance Benefits ("DIB")[2] under Title II of the Social Security

Act.  42 U.S.C. § 423, et seq.  It is also before the Court

under § 1614(a)(3)(A) of the Social Security Act, as amended 42

U.S.C. § 1382c(a)(3(A), regarding Plaintiff's application for

supplemental security income ("SSI")[3] under Title XVI of the

Social Security Act. 42 U.S.C. § 1381 et seq.  The issue before

the Court is whether the Administrative Law Judge ("ALJ") erred

in finding that there was "substantial evidence" that Plaintiff

was not disabled at any time since his alleged onset date of

disability, January 8, 2016.  For the reasons stated below, this

Court will affirm that decision.

I.    BACKGROUND AND PROCEDURAL HISTORY

On April 25, 2017, Plaintiff filed an application for DIB

as well as an application for SSI, alleging that he became

disabled on January 8, 2016.  Plaintiff claims that he can no

longer work as a salvager or a taxi driver because of his

impairments of degenerative disc disease of the lumbar and

---

[2] DIB is a program under the Social Security Act to provide
disability benefits when a claimant with a sufficient number of
quarters of insured employment has suffered such a mental or
physical impairment that the claimant cannot perform substantial
gainful employment for at least twelve months.  42 U.S.C. § 423
et seq.

[3] Supplemental Security Income is a program under the Social
Security Act that provides supplemental security income to
individuals who have attained age 65, or are blind or disabled.
42 U.S.C. § 1381 et seq.

cervical spinal regions, obesity, sleep apnea, and carpal tunnel syndrome.[4]

Plaintiff's claim was denied initially and upon reconsideration.  Plaintiff requested a hearing before an ALJ, which was held on June 13, 2019.  On August 6, 2019, the ALJ issued an unfavorable decision.  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on June 11, 2020, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

## II.  DISCUSSION

### A.  Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.[5]  Ventura v. Shalala,

---

[4] On the alleged onset date of January 8, 2016, Plaintiff was 39 years old, which is defined as "a younger individual" (age 18-49).  20 C.F.R. § 404.1563.

[5] The standard for determining whether a claimant is disabled is the same for both DIB and SSI. See Rutherford v. Barnhart, 399 F.3d 546, 551 n.1 (3d Cir. 2005) (citation omitted). DIB regulations are found at 20 C.F.R. §§ 404.1500-404.1599, and the parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999, which correspond to the last two digits of the DIB cites (e.g., 20 C.F.R. § 404.1545 corresponds with 20 C.F.R. § 416.945). The Court will provide citations only to the DIB regulations. See Carmon v. Barnhart, 81 F. App'x 410, 411 n.1 (3d Cir. 2003) (explaining that because "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]," "[w]e provide citations only to the regulations respecting disability insurance benefits").

55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold

the Commissioner's factual decisions where they are supported by

"substantial evidence."   42 U.S.C. §§ 405(g), 1383(c)(3);

Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v.

Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan,

970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means

more than "a mere scintilla."  Richardson v. Perales, 402 U.S.

389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305

U.S. 197, 229 (1938)).  It means "such relevant evidence as a

reasonable mind might accept as adequate to support a

conclusion."  Id.  The inquiry is not whether the reviewing

court would have made the same determination, but whether the

Commissioner's conclusion was reasonable.  See Brown v. Bowen,

845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its

totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir.

1984).  "[A] court must 'take into account whatever in the

record fairly detracts from its weight.'"  Schonewolf v.

Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks

v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th

Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S.

474, 488 (1951)).

The Commissioner "must adequately explain in the record his

reasons for rejecting or discrediting competent evidence."

4

Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing

Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third

Circuit has held that an "ALJ must review all pertinent medical

evidence and explain his conciliations and rejections."  Burnett

v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).

Similarly, an ALJ must also consider and weigh all the non-

medical evidence before him.  Id. (citing Van Horn v. Schweiker,

717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d

700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the

Commissioner's reasoning is indeed essential to a meaningful

court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches
> an abdication of the court's duty to
> scrutinize the record as a whole to
> determine whether the conclusions reached
> are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although

an ALJ, as the factfinder, must consider and evaluate the

medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here

is no requirement that the ALJ discuss in its opinion every

tidbit of evidence included in the record," Hur v. Barnhart, 94

F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review,

a district court is not "empowered to weigh the evidence or

substitute its conclusions for those of the fact-finder."

Williams, 970 F.2d at 1182.  However, apart from the substantial

evidence inquiry, a reviewing court is entitled to satisfy

itself that the Commissioner arrived at his decision by

application of the proper legal standards.  Sykes, 228 F.3d at

262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983);

Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

   B.    Standard for DIB and SSI

   The Social Security Act defines "disability" for purposes

of an entitlement to a period of disability and disability

insurance benefits as the inability to engage in any substantial

gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in

death, or which has lasted or can be expected to last for a

continuous period of not less than 12 months.  See 42 U.S.C. §

1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as

disabled only if her physical or mental impairments are of such

severity that she is not only unable to perform her past

relevant work, but cannot, given her age, education, and work

experience, engage in any other type of substantial gainful work

which exists in the national economy, regardless of whether such

work exists in the immediate area in which she lives, or whether

a specific job vacancy exists for her, or whether she would be

hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B)

(emphasis added).

The Commissioner has promulgated regulations[6] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1.    If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2.    If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3.    If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4.    If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5.    Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

---

[6] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.  Analysis

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability.  At step two, the ALJ found that Plaintiff's impairments of degenerative disc disease of the lumbar and cervical spinal regions, obesity, sleep apnea, and carpal tunnel syndrome were severe.  At step three, the ALJ determined that Plaintiff's severe impairments or his severe impairments in combination with his other impairments did not equal the severity of one of the listed impairments.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform work at the sedentary

8

level,[7] with certain exertional restrictions.  At steps four and five, the ALJ determined that Plaintiff was not able to perform her past relevant work, but Plaintiff's RFC rendered him capable of performing other jobs in the national economy, such as a cuff folder.  The ALJ therefore concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision because she did not credit Dr. Rodriguez's medical opinions from 2019 in determining his RFC.[8]  The Court does not find error in the ALJ's RFC determination, particularly her decision not to credit the medical opinion of Dr. Rodriguez from 2019.

In rejecting Dr. Rodriguez's opinion, the ALJ determined:

> The undersigned finds unpersuasive the opinions of Dr. Rodriguez. (Exs. 20F, 21F). Although Dr. Rodriguez treated the claimant, her opinions are not supported by her examination findings. For example, progress notes from January 29, 2019 indicate the claimant was ambulating normally; he denied neck pain, muscle weakness, joint pain, back pain, and fatigue; and his examination results were unremarkable. (Ex. 25F at 10-13). Her examination results are inconsistent with the extreme limitations she proposed, such as the claimant only being able to sit, stand, or walk for a total of 4 hours all together in a workday and the claimant having been unable to engage in work-related activity since 2014. Additionally, the limitations proposed by Dr. Rodriguez are inconsistent with the medical evidence from other providers. (See for example, Ex. 24F). It is

_____

[7] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

[8] The RFC reflects "what [the claimant] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a), 416.945(a).

> also noteworthy that the above parts of the residual
> functional capacity applicable to lifting are more
> restrictive than the limitations contained in Dr.
> Rodriguez's opinions; thus, the undersigned has given him
> the benefit of the doubt when formulating the
> residual functional capacity. (See, Exs. 20F, 21F).

(R. at 44-45.)

Plaintiff finds fault with this determination for three reasons. First, Plaintiff argues that "the ALJ erroneously failed to acknowledge Dr. Rodriguez's important occasional-handling opinion." (ECF 10 at 8). Second, Plaintiff argues that the ALJ could not have given him the "benefit of the doubt" when formulating his RFC since the ALJ implicitly rejected Dr. Rodriquez's occasional-handling opinion. (Id.) Third, Plaintiff argues that when rejecting Dr. Rodriguez's opinion, the ALJ failed to address "positive upper extremity EMG" and an "MRI of the cervical spine showed multilevel disc bulges and herniations." (Id.)

Plaintiff's arguments are explicitly controverted by the plain text of the ALJ's opinion. First, the ALJ did "acknowledge" Dr. Rodriguez's opinion. (R. at 44). The ALJ just explained that she found it "unpersuasive." (Id.) The ALJ specifically noted that "the limitations proposed by Dr. Rodriguez are inconsistent with the medical evidence from other providers." (Id. at 44-45). I t is completely acceptable for an ALJ to reject a contrasting medical opinion as long as he or she

10

"explain[s] his conciliations and rejections."  Burnett, 220

F.3d at 122.  The ALJ did so here by explaining that Dr.

Rodriguez's progress notes about the objective condition of

Plaintiff were not consistent with the conclusions that Dr.

Rodriguez drew regarding Plaintiff's limitations.  (R. at 44).

The ALJ made this statement after a lengthy analysis of how the

objective medical evidence stacked up.  (Id.)

     With respect to Plaintiff's second concern regarding

whether the ALJ gave Plaintiff the "benefit of the doubt" in

making the RFC determination, such concern is beside the point

as the ALJ carefully weighed all of the evidence in the record

and explained where and why she found certain evidence to be

unpersuasive.  Fargnoli, 247 F.3d at 42.  The standard is not

whether Plaintiff was given the "benefit of the doubt" but

whether the ALJ's decision was supported by substantial

evidence.  Gober, 574 F.2d at 776.

     Finally, the Court rejects Plaintiff's concern that the ALJ

did not explicitly address certain minutiae of medical evidence

in the record.  The ALJ's opinion methodically proceeded through

the entire record, and she need not reference every piece of

evidence by name.  See Hur, 94 F. App'x at 133 ("There is no

requirement that the ALJ discuss in its opinion every tidbit of

evidence included in the record[.]")  Ultimately, Plaintiff

appears to be asking the Court to substitute its own view of the

11

facts for those of the ALJ.  That is not the role of the Court here. <u>Williams</u>, 970 F.2d at 1182 (noting that the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder").

### III. Conclusion

For the reasons expressed above, the decision of the ALJ was supported by substantial evidence and must be affirmed.

An accompanying Order will be issued.


Date:   March 1, 2022              s/    Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.